**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

WALNER JIMENEZ,                 :
                                :   Civil Action No. 06-5057 (JBS)
            Petitioner,         :
                                :
        v.                      :        **O P I N I O N**
                                :
U.S. DEPARTMENT OF JUSTICE,     :
et al.,                         :
                                :
            Respondents.        :

**APPEARANCES**:

   WALNER JIMENEZ, Petitioner pro se
   #498348/721504
   Southern State Correctional Facility
   P.O. Box 150, Compound A - Unit 6R
   Delmont, New Jersey 08314

**SIMANDLE**, District Judge

   This matter is before the Court on petitioner Walner Jimenez's ("Jimenez") application for habeas corpus relief under 28 U.S.C. § 2241,[1] challenging an immigration detainer issued against him.  The named respondents are the United States

---

[1] Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Department of Justice, the Department of Homeland Security,[2] the Immigration Service and Removal Agency in the Hemisphere Center - Suite 514, District Director Andrea J. Quarantillo, and George O. Robinson, Warden at the Southern State Correctional Facility where Jimenez presently is confined.

For the reasons stated herein, the Petition will be dismissed.  See 28 U.S.C. § 2243 ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

## BACKGROUND

Jimenez is a convicted state prisoner, currently confined at Southern State Correctional Facility ("SSCF").  He is serving a five-year term of imprisonment imposed by the Superior Court of New Jersey, Essex County, on or about September 23, 2005, based on his conviction for aggravated criminal sexual contact. Previously, on September 10, 2004, Jimenez had been convicted and

---

[2] Effective March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist as an agency of the Department of Justice, and its functions were transferred to the Department of Homeland Security ("DHS").  See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).  The Bureau of Immigration and Customs Enforcement of the DHS is responsible for the interior investigation and enforcement functions that formerly were performed by the INS.

sentenced to an aggregate prison term of 10 years with a 3-year mandatory minimum on several drug offenses.  His projected maximum release date is July 31, 2011, with a parole eligibility date of July 2, 2007.[3]

Jimenez brings this habeas petition challenging an immigration detainer lodged against him and his prospective detention pending removal once he is released from state prison.  He alleges that he was interviewed by an agent of the United States Department of Homeland Security ("DHS") about the detainer and was told that Jimenez would be placed in removal proceedings and an Order of Supervision will be issued upon a final order of removal.

Jimenez claims that, as a Cuban national, his removal from the United States is not reasonably foreseeable in the future, and therefore, his future detention pending removal is unconstitutional, in violation of his rights to substantive and procedural due process.  Jimenez further argues that he is in custody of the DHS by virtue of the immigration detainer lodged against him and the time that he remains in this "custody" should be counted towards his six month removal period even though he is still serving his state court sentence.

---

[3]  See https://www6.state.nj.us/DOC_Inmate/inmate search, the Internet site for the New Jersey Department of Corrections, Offender Search.

**ANALYSIS**

Federal courts have jurisdiction to entertain an application for habeas relief only if a petitioner is "in custody," pursuant to the challenged judgment, in violation of the Constitution or laws or treaties of the United States.[4]  Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Obado v. New Jersey, 328 F.3d 716, 717 (2003); 28 U.S.C. § 2241(c).  But Supreme Court decisions have made it clear that habeas corpus "is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose-- the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty."  Jones v. Cunningham, 371 U.S. 236, 243 (1963).  Thus, the "in custody" requirement is satisfied where an individual is subject to "significant restraints on liberty ... which were not shared by the public generally," along with "some type of continuing governmental supervision," even if the individual is not subject to actual physical restraint.  See Obado, 328 F.3d at 717 (citations omitted).

In this vein, some federal courts have held that an alien who is not physically detained, but who is subject to a final order of removal, suffers sufficient restraint on his freedom to

---

[4] In making a custody determination, a court looks to the date that the habeas petition was filed.  See Carafas v. LaVallee, 391 U.S. 234, 238-40 (1968); Chong v. District Director, I.N.S., 264 F3d 378, 382-83 (2001).

satisfy the custody requirement of § 2241.  See, e.g., Ceballos de Leon v. Reno, 58 F. Supp.2d 463, 469 n.14 (D.N.J. 1999) (collecting cases).  Alternatively, an alien who is confined pursuant to a criminal conviction, and who is subject to an INS detainer which seeks mere notification in advance of release, may not satisfy the custody requirement.  See Green v. Apker, 153 Fed. Appx. 77, 79 (3d Cir. 2005)(unpubl.) ("According to most courts which have considered the custody question, a prisoner who is serving a criminal sentence is not in B[ureau of] I[mmigration and] C[ustoms] E[nforcement] custody simply because the BICE has lodged a detainer against him with the prison where he is incarcerated.")(citing Garcia-Echaverria v. United States, 376 F.3d 507, 510-11 (6th Cir. 2004); Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003)).

Similarly, in this case, Jimenez is a state prisoner in the custody of the State of New Jersey while serving his criminal sentence, but is subject to an immigration detainer that merely seeks notification in advance of his release from prison.  Therefore, Jimenez does not satisfy the "in custody" requirement for habeas relief to lift the detainer.  Accordingly, this claim should be dismissed for lack of jurisdiction.

Further, Jimenez claims that he is subject to prospective detention pending removal for an indefinite period of time

5

because he is a Cuban national who cannot be repatriated.  This claim is not yet ripe for judicial action.

Ripeness, like other justiciability doctrines, ultimately derives from Article III's requirement that federal courts may decide only cases and controversies.  See Nextel Communications of the Mid-Atlantic, Inc. V.  City of Margate, 305 F.3d 188, 192 (3d Cir. 2002).  Considerations of ripeness are sufficiently important that courts are required to raise the issue sua sponte, even when the parties do not question jurisdiction.  Nextel Communications of th Mid-Atlantic, Inc., 305 F.3d at 192.

"The function of the ripeness doctrine is to determine whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine."  Peachlum v. City of York, Pennsylvania, 333 F.3d 429, 433 (3d Cir. 2003)(citations omitted).  "The ripeness doctrine prevents judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."  Lauderbaugh v. Hopewell Twp., 319 F.3d 568, 575 (3d Cir. 2003).

The Supreme Court has stated that to meet the ripeness standard, plaintiffs must show either a specific present objective harm or the threat of specific future harm.  Laird v. Tatum, 408 U.S. 1, 14 (1972).  "A claim is not ripe for

6

adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United State, 523 U.S. 296, 300 (1998)(internal citations omitted).  In other words, the plaintiff must allege that he has suffered an 'injury in fact' - an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)(internal citations omitted).

Here, Jimenez has not demonstrated any actual injury, and he faces no direct, immediate plight because a final order of removal has not yet been issued and he is currently serving his state prison term.  The claim that he will be subjected to indefinite detention pending removal is a future event contingent upon issuance of a final order of removal and actual detention, which has not yet occurred.  Further, petitioner's claim does not take into account future custody review determinations that should occur once he is placed in post-removal detention. See 8 C.F.R. § 241.4.[5]

---

[5] For instance, under 8 C.F.R. § 241.4(i), the Director of the Headquarters Post-Order Detention Unit ("HQPDU") is required to designate a two-person panel to make recommendations on whether an alien should be released or detained pending removal. This recommendation must be unanimous.  The initial review, and at the beginning of subsequent reviews, the review panel examines the alien's records.  If the panel does not recommend release, or if the HQPDU Director rejects a recommendation for release, the alien shall be personally interviewed by the review panel.  The

Thus, without an injury in fact, Jimenez has failed to show a justiciable case or controversy, and this claim likewise is subject to dismissal for want of jurisdiction.

## CONCLUSION

For the reasons set forth above, the petition for habeas relief must be dismissed, without prejudice, for lack of jurisdiction based on petitioner's failure to satisfy the "in custody" requirement and to show a claim ripe for judicial action at this time.  An appropriate order follows.


                                        s/ Jerome B. Simandle
                                        JEROME B. SIMANDLE
                                        United States District Judge

Dated: **January 8, 2007**

---

alien may have a representative at this interview, subject to reasonable security concerns, and he may submit any information he believes may be pertinent in securing his release.

Under 8 C.F.R. § 241.4(d), an alien may obtain a conditional release from detention by showing that his release will not pose a significant risk of flight and danger to the community, to the safety of others or to property pending removal.  Under 8 C.F.R. § 241.4(e), an alien is eligible for release if the review panel or the HQPDU Director find that the following criteria are met: (1) travel documents are not available or immediate removal is otherwise not practicable or not in the public interest; (2) the alien is presently a non-violent person; (3) the alien is likely to remain non-violent if released; (4) the alien is not likely to pose a threat to the community if released; (5) the alien is not likely to violate the conditions of release; and (6) the alien does not pose a significant flight risk if released.